UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUSTIN DOBSON, *et al.*, | No. C10-5233 RBL/KLS |
| Plaintiffs, | ORDER DENYING PLAINTIFF'S MOTION FOR INTERIM COUNSEL |
| v. | |
| ELDON VAIL, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff Dobson's[1] motion for interim counsel pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure. Dkt. 6. Having reviewed the motion and Defendants' response (Dkt. 8), the court finds that the motion should be denied.

FRCP 23(g)(3) provides the court the authority to appoint an interim counsel before determining whether to certify the action as a class action. When looking at which counsel to appoint as interim counsel, the courts look at FRCP 23(g)(1)(A) which outlines the determination of the adequacy of the class counsel. *See In re Municipal*, 252 F.R.D. at 186 & *In re Hannaford Litigation*, 252 F.R.D. at 68. Under FRCP 23(g)(1)(A) the court must consider:

    (i)    the work counsel has done in identifying or investigating potential claims in the action;

    (ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    (iii)    counsel's knowledge of the applicable law; and

---

[1] Only Plaintiff Dobson filed the motion for interim counsel.

ORDER - 1

(iv)   the resources that counsel will commit to representing the class.

*In re Hannaford Litigation,* 252 F.R.D. at 186 *quoting FRCP* 23(g)(1)(A).

In some circumstances, the court has authority to designate an interim counsel in an appropriate situation, such as when rivalry between the plaintiffs exists or due to the complexity of a case. *See Id; In re Bank of America Corp. Securities, Derivative and ERISA Litigation*, 258 F.R.D. 260, 271 (S.D.N.Y., 2009) (In complex cases, courts may appoint a plaintiff leadership structure to coordinate prosecution of the litigation.) Appointing an interim council helps to clarify responsibility for protecting the interests of the class during precertification activities. *In re Bank of America Corp. Securities,* 258 F.R.D. at 271.

There is no evidence here of extraordinary factors warranting the appointment of interim counsel.  This litigation does not include a multitude of cases or cross-district issues, there are not a multitude of plaintiffs' counsel fighting over representation or individual interests requiring a leadership structure.  The complexity of the issues in this case also does not warrant the appointment of interim counsel.  The complaint relates to an offender management program in one facility with a limited number of defendants.

According, it is **ORDERED:**

(1)   Plaintiff's motion for interim counsel (Dkt. 6) is **DENIED.**

(2)   The Clerk shall send a copy of this Order to each of the Plaintiffs and to counsel for Defendants.

DATED this  21st  day of June, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2