1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7
8

| JUSTIN DOBSON, GEORGE T. HICKS, ROGER M. HOTRUM, NATHAN REYNOSO, and GERALD LEE WHITEMAN, et al., | No. C10-5233 RBL/KLS |
|---|---|
| Plaintiffs, | ORDER DENYING MOTIONS FOR JOINDER |
| v. | |
| ELDON VAIL, MAGGIE MILLER-STOUT, ROBERT HERZOG, KAY HEINRICH, JOHN/JANE DOE I, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, and TORRANCE STRATTON, | |
| Defendants. | |

9
10
11
12
13
14
15
16
17

18      Presently before the court are several motions for joinder pursuant to Rule 20(a)(1), for

19  the appointment of interim counsel, and for injunctive relief, filed by third-parties, Dustin Marks

20  (Dkt. 20); Kevin McMahon (Dkt. 22), Jeffrey McKee (Dkt. 24); Devin Iams (Dkt. 28); Nathanial

21  Witherspoon (Dkt. 31); Rodney Matlock (Dkt. 38); and, David K. Chester (Dkt. 46) ("hereinafter

22  "third-party movants").

23

24      The third-party movants are not parties to this action.  Therefore, requests for the

25  appointment of interim counsel and for injunctive relief will not be addressed.  In addition, the

26  court has already denied Plaintiffs' motion for interim counsel.   Dkt. 39.

ORDER DENYING MOTIONS FOR JOINDER - 1

Also before the court are letters to Judge Leighton from John Burton and William

Bullock (Dkt. 51), requesting to be included in "Plaintiff's class."  Dkts. 50 and 51.   These letter

requests will not be considered by the court as they have not been properly filed, served and

noted for consideration and this action has not been certified to proceed as a class action.

The court finds that the motions for joinder should be denied.

## BACKGROUND

On or about March 24, 2010, Plaintiffs Justin Dobson, Roger M. Hotrum, George T.

Hicks, Nathan Reynoso, and Gerald Lee Whiteman filed a civil complaint against Defendants in

the Thurston County Superior Court Cause No. 10-2-00566-5.  Dkt. 1-2, p. 6.  In their complaint,

Plaintiffs allege civil rights violations pursuant to 42 U.S.C. § 1983 and violations of their rights

under 42 U.S.C. § 2000cc, the Religious Land Use and Institutionalized Persons Act (RLUIPA).

*Id.*  Plaintiffs also allege state claims under Art. 1 §§ 11 and 14 of the Washington State

Constitution and failure to comply with RCW 9.94A.580 (Specialized Training).  *Id.*

On April 6, 2010, Defendants filed a Notice of Removal in this action pursuant to 28

U.S.C. § 1331 because the case presents questions of federal substantive law over which this

court has original jurisdiction and state law claims over which this court has supplemental

jurisdiction pursuant to 28 U.S.C. § 1367(a).  Dkt. 1.  Plaintiffs' motion to remand (Dkt. 12) was

denied.  Dkt. 40.

In their complaint, Plaintiffs allege that they are being forced to participate in an

involuntary program at the Airway Heights Correction Center (AHCC), known as the *Right*

*Living* program, in violation of their First, Eighth, and Fourteenth Amendment rights. Dkt. 1-2,

ORDER DENYING MOTIONS FOR JOINDER - 2

p. 6.[1]  According to Plaintiffs, the *Right Living* program is an involuntary program, funded at taxpayer expense, directed toward modifying antisocial behavior, making prison safer and lowering recidivism.  *Id.*, pp. 12-13.  Plaintiffs allege that punitive sanctions to compel participation in the *Right Living* program include loss of early release time, demotion of custody classification, termination from jobs, cell confinement, loss of recreation, and deprivation of meals.  *Id.*, p. 13.  Plaintiffs also allege that the *Right Living* program consists of "indoctrination" that is irreconcilable with the teachings of certain religions.  *Id.*, p. 14.

Defendants' motion to dismiss (Dkt. 4) was granted, and all class action claims were dismissed and all claims against Plaintiffs Dobson, Hicks, Hotrum and Reynoso were dismissed without prejudice for failure to exhaust.  *See,* Dkts. 48 and 61.  Therefore, this action is proceeding as an individual civil suit brought by Defendant Gerald Whiteman, the only named Plaintiff who exhausted his administrative remedies prior to filing this action.  Dkt. 48.

## DISCUSSION

The third-party movants cite to Fed. R. Civ. P. 20(a)(2) arguing, generally, that they are entitled to relief "under the religious based claims," and that they share questions of law and fact in common with the named plaintiffs.  *See, e.g.* Dkt. 46.   Defendants argue that the motions are in fact motions to intervene pursuant to Fed. R. Civ. P. 24.

Rule 20(a) (2) imposes two specific requirements for the permissive joinder of defendants: (1) a right to relief must be asserted against each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action.  *See League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir.1977).  Fed. R. Civ. P.

---

[1] CM/ECF pagination.

ORDER DENYING MOTIONS FOR JOINDER - 3

24(b)(1)(B) covers permissive intervention.  It allows intervention when one "has a claim or

defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P.

24(b)(1)(B).  Because "permissive intervention is an inherently discretionary enterprise," the

court enjoys considerable latitude under Rule 24(b). *E.E.O.C. v. Nat'l Children's Center, Inc.*,

146 F.3d 1042, 1048 (D.C. Cir. 1998); *see also Orange v. Air Cal*, 799 F.2d 535, 539 (9th Cir.

1986) ("Permissive intervention is committed to the broad discretion of the district court.").

  Under either standard, the court finds that granting the motions to intervene would be

futile as the third-party movants have failed to exhaust their administrative remedies.

**A. Exhaustion of Remedies – Standard of Review**

  Pursuant to the Prison Litigation Reform Act of 1995 (PLRA),[2] a prisoner is required to

exhaust all of his administrative remedies within the prison system before he can bring a civil

rights lawsuit challenging the conditions of his confinement.  42 U.S.C. § 1997e (a).  "Proper"

exhaustion of administrative remedies is required, meaning that "a prisoner must complete the

administrative review process in accordance with the applicable procedural rules, including

deadlines, as a precondition to bringing suit in federal court."  *Woodford v. Ngo*, 548 U.S. 81, 88,

126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).  "There is no question that exhaustion is mandatory

under the PLRA and that unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549

U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).  The important policy concern behind

requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes

concerning the exercise of their responsibilities before being hauled into court."  *Id*. at 204.

---

[2] 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e, et seq.

ORDER DENYING MOTIONS FOR JOINDER - 4

1   Where there is a prison grievance system, prisoners must take advantage of it before

2   filing a civil rights complaint. *Woodford v. Ngo*, 548 U.S. at 103.  In *Woodford v. Ngo*, the

3   prisoner had filed his grievance within six months of the incident at issue, rather than within

4   fifteen days as required by the California prison grievance system. *Id*. at 86-87.  The Supreme

5   Court rejected the Ninth Circuit's determination that the prisoner "had exhausted administrative

6   remedies simply because no such remedies remained available to him." *Id*. at 87.

7

8       Failure to exhaust remedies is an affirmative defense that should be brought as an

9   unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003); see

10  also *Jensen v. Knowles*, 621 F.Supp.2d 921 (E.D.Cal. 2008).  In deciding a motion to dismiss for

11  failure to exhaust administrative remedies, a court may look beyond the pleadings and decide

12  disputed issues of fact. *Wyatt*, 315 F.3d at 1119-1120.  Defendants bear the burden of proving

13  failure to exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005).  The proper remedy,

14  where a prisoner has failed to exhaust non-judicial remedies, is dismissal of the claim without

15  prejudice.  *Wyatt*, 315 F.3d at 1120.

16

17  **B.     Grievance Process of the Airway Heights Corrections Center (AHCC)**

18      Ron Frederick is the Grievance Program Manager in the Office of Correctional

19  Operations, Washington State Department of Corrections (DOC).  Dkt. 4, Exh. 1, ¶ 2.

20  According to Mr. Frederick, the Washington Offender Grievance Program (OGP) has been in

21  existence since the early 1980's and was implemented on a Department-wide basis in 1985. *Id.*

22  ¶ 3.  Under Washington's OGP, an offender may file a grievance over a wide range of aspects of

23  his/her incarceration. *Id.* ¶ 4.  Inmates may file grievances challenging: 1) DOC institution

24  policies, rules and procedures; 2) the application of such policies, rules and procedures; 3) the

25  lack of policies, rules or procedures that directly affect the living conditions of the offender; 4)

26

ORDER DENYING MOTIONS FOR JOINDER - 5

the actions of staff and volunteers; 5) the actions of other offenders; 6) retaliation by staff for filing grievances; and 7) physical plant conditions.  An offender may not file a grievance challenging: 1) state or federal law; 2) court actions and decisions; 3) Indeterminate Sentence Review Board actions and decisions; 4) administrative segregation placement or retention; 5) classification/unit team decisions; 6) transfers; 7) disciplinary actions; and 8) several other aspects of incarceration.  *Id.*  The OGP provides a wide range of remedies available to inmates. *Id.* ¶ 5.  These remedies include: 1) restitution of property or funds; 2) correction of records; 3) administrative actions; 4) agreement by department officials to remedy an objectionable condition within a reasonable time; and 5) a change in a local or department policy or procedure. *Id.*  A grievance must be filed within 15 days of the grievable incident.  *Id.*

The grievance procedure consists of four levels of review.  *Id.* ¶ 6.  At Level 0, the complaint or informal level, the offender writes a complaint; the grievance coordinator then pursues informal resolution of the issue, returns the complaint to the offender for additional information, or accepts the complaint and processes it as a formal grievance.  *Id.*  At Level I, the local grievance coordinator responds to the issues raised by the offender.  *Id.*  If the offender is not satisfied with the response to his Level I grievance, he may appeal the grievance to Level II. *Id.*  All appeals and initial grievances received at Level II are investigated, and the prison superintendent responds.  *Id.*  If the offender is still not satisfied with the response, he may make a Level III appeal to the Department headquarters, where the issue is reinvestigated and administrators respond.  *Id.*  At the time of the alleged incident, inmates had five days to file a grievance.  *Id.* ¶ 7.  There are exceptions to this timeline depending on the reason for the delay. *Id.*

ORDER DENYING MOTIONS FOR JOINDER - 6

**C.      Exhaustion of Remedies by Third-Party Movants**

Dustin Marks and Kevin McMahon ask the court to apply a theory of "vicarious exhaustion," to their claims.  Dkts. 20, p. 3; 22, p. 3.  Jeffrey McKee's motion to join is silent as to whether he has exhausted his remedies relating to the *Right Living* Program.  However, in an affidavit filed in support of the Plaintiff's opposition to dismissal of their claims, Mr. McKee acknowledges that he has filed three grievances related to the *Right Living* Program, but that none have been appealed through the established three-step grievance process.  Dkt. 9, p. 25.  Also, in his reply, Mr. McKee joins Dustin Marks and McMahon in claiming that he is entitled to vicarious exhaustion.  Dkt. 41, p. 4.

The court views this statement as an acknowledgement that Marks, McMahon and McKee have not exhausted their remedies relating to the *Right Living* Program.  In addition, the theory of vicarious exhaustion is not applicable to this action, where the parties are pro se and class certification has not been granted.  The court is unaware of any authority within this circuit to the contrary.

In addition, DOC records reflect, and third-party movants do not dispute, that:

 (1)  Devin Iams has filed no grievance relating to the *Right Living* Program (Dkt. 37-2, pp. 2-3); (2)  Nathaniel Witherspoon has filed seven complaints at the AHCC, but none related to the *Right Living* Program (Dkt. 37-2, p. 6);  (3) Rodney Matlock has filed one grievance at the AHCC related to being charged $1.00 for a broken ID clip, but has not filed any grievance relating to the *Right Living* Program or for any disciplinary issue (Dkt. 49-2, p. 3); and, (4) David K. Chester has filed three grievances at the AHCC (two related to accounting deductions and one related to shoes), but he has not filed a grievance relating to the *Right Living* Program or for any disciplinary issue (Dkt. 54-1, p. 3).

ORDER DENYING MOTIONS FOR JOINDER - 7

1

2     Claims that are not exhausted must be dismissed and this court lacks discretion to resolve

3     those claims on the merits.  See e.g., *McKinney*, 311 F.3d 1198.   Thus, even assuming that the

4     third-party movants could satisfy the requirements for joinder, joinder would be futile as their

      claims would have to be dismissed for failure to exhaust.

5

6         If the third-party movants want to pursue claims about the *Right Living* Program at the

7     AHCC, they may file a complaint after they exhaust their administrative remedies.

8         Accordingly, it is **ORDERED:**

9         (1)     The motions of Dustin Marks (Dkt. 20); Kevin McMahon (Dkt. 22), Jeffrey

10    McKee (Dkt. 24); Devin Iams (Dkt. 28); Nathanial Witherspoon (Dkt. 31); Rodney Matlock

11    (Dkt. 38); and, David K. Chester (Dkt. 46) are **DENIED.**

12

13        (2)     The Clerk of Court is directed to send copies of this Order to Plaintiffs, counsel

14    for Defendants and to the third-party movants named above.

15

16        **DATED** this   2nd   day of August, 2010.

17

18

19    Karen L. Strombom
      United States Magistrate Judge

20

21

22

23

24

25

26

ORDER DENYING MOTIONS FOR JOINDER - 8