UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN DOBSON, GEORGE T. HICKS, ROGER M. HOTRU, NATHAN REYNOSO, and GERALD LEE WHITEMAN[1],

   Plaintiffs,

v.

ELDON VAIL, MAGGIE MILLER-STOUT, ROBERT HERZOG, KAY HEINRICH, JOHN/JANE DOE I WASHINGTON STATE DEPARTMENT OF CORRECTIONS, and TORRANCE STRATTON,

   Defendants.

No. C10-5233/KLS

ORDER GRANTING MOTION TO MODIFY CASE SCHEDULE

Before the court is Plaintiff's Motion to Modify Case Schedule. ECF No. 80. Plaintiff seeks to have the discovery deadline (which expired on February 25, 2011) extended so that he may depose Defendants Vail, Miller-Stout, Herzog and Heinrich. *Id.* Having reviewed the motion, Defendants' response in opposition (ECF No. 81), and balance of the record, the court finds that the Motion to Modify Case Schedule should be granted.

**BACKGROUND**

On June 16, 2010, Plaintiff Whiteman received a letter from Defendants' counsel stating that upon compliance with Fed. R. Civ. P. 30, the setting of depositions of Superintendent Miller-Stout, Associate Superintendent Herzog and Ms. Heinrich would be discussed. *See* ECF

---

[1] Mr. Whiteman is the only Plaintiff remaining in this action. *See* ECF Nos. 48 and 61.

ORDER - 1

No. 81-1 (Declaration of Ohad M. Lowy), Exh. 1, Attach. A (Letter dated June 16, 2010). On August 30, 2010, this court issued a Scheduling Order setting a discovery cutoff date of February 25, 2010. ECF No. 73. Six months later, on February 1, 2011, Plaintiff Whiteman sent a letter to Defendants' counsel stating: "I note that depositions have yet to be done for Defendants Vail, Miller-Stout, Herzog, and Heinrich. If you are disinclined to reach a settlement agreement then you must arrange for said depositions." ECF No. 79. Defendants' counsel responded, again stating that after Plaintiff complied with Fed. R. Civ. P. 30, the setting of the depositions could be discussed. ECF No. 81-1, Attach. B (Letter dated February 7, 2011).

## DISCUSSION

A scheduling order may only be modified for good cause and with the court's consent. Fed. R. Civ. P. 16(b)(4). The stringent requirement of Fed. R. Civ. P. 16(b)'s "good cause" standard considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

There is some question as to Plaintiff Whiteman's diligence in meeting the court's scheduling deadlines as he waited almost eight months after receiving counsel's letter to again approach counsel about the depositions. Despite Plaintiff's *pro se* status, he is required, like other civil litigants, to comply with both the federal civil and local court rules of civil procedure, notwithstanding the court's obligation to make reasonable allowances for pro se litigants and to read pro se papers liberally." *McCabe v. Arave,* 827 F. 2d 634, 640 n. 6 (9th Cir. 1997). Thus, Plaintiff Whiteman is responsible for diligently pursuing discovery and to arrange for depositions following the dictates of Rule 30 of the Federal Rules of Civil Procedure. However, it is unclear to the court what Defendant's counsel meant by "after Plaintiff complied with Fed. R. Civ. P. 30, the setting of the depositions could be discussed," and perhaps it was also unclear to Plaintiff. It

is, however, obvious that Defendants are aware that Plaintiff wishes to depose Eldon Vail, Maggie Miller-Stout, Robert Herzog, and Kay Heinrich, all of whom are named defendants. The parties simply need to agree on the date and the details for conducting the depositions. To the extent the parties cannot agree, the court suggests the following:

      (a)    Any deposition performed by Plaintiff shall take place at or near the Airway Heights Correction Center (AHCC), organized with the assistance of authorities at the AHCC.

      (b)    If the parties cannot agree otherwise, the depositions shall be conducted before an officer appointed or designated under Fed. R. Civ. P. 28; this should be an independent party without any interest in the matter and Defendants should in good faith seek to allow or agree to use an employee of the Department of Corrections to perform these duties to alleviate the high cost of using a private business; in any event the taped deposition shall include the information indicated in Fed. R. Civ. P. 30(b)(4);

      (c)    The individual either chosen by the parties or appointed by the court to provide the oath at a deposition shall also operate two tape recorders to produce two original recordings of a deposition. (If the parties are unable to agree to an individual and before the court is willing to appoint an individual to administer oral depositions for Plaintiff, Plaintiff must explore other means to conduct discovery. Specifically, Plaintiff should consider Rule 31 to obtain information. The parties shall also note Rule 29 of the Federal Rules of Civil Procedure provides alternatives to general discovery practice and procedure, and the court encourages the parties to mutually work out discovery complications. Parties should inform the court of stipulations made pursuant to Fed. R. Civ. P. 29).

      (d)    Defendants' counsel may attend any deposition noted by Plaintiff and Defendants may record a deposition on his or her own equipment or Defendants may ask Plaintiff to produce a copy of the original tape at Defendants' cost; Defendants may choose to stenographically record a deposition at their own cost.

      (e)    At the end of a deposition, the plastic tab(s) on each original cassette shall be removed to help prevent the tape from being erased or recorded on a second time.

      (f)    At the end of a deposition one original tape shall be placed in an envelope, sealed, and signed by the person chosen or appointed to give the oath; this tape recording shall be delivered in its sealed state to the Clerk of the Court for filing with the court record.

ORDER - 3

   (g) If the testimony from any deposition is to be used by either party in a motion, pleading or any aspect of the trial, the party proposing to use that testimony must supply the court with a written transcript of the relevant portions of the deposition;

   (h) A transcript of a deposition shall not be filed with the court unless it is to be used by a party in a motion, pleading, or trial of this matter; a transcript of a deposition, in whole or in part, shall not be filed with the court unless the deponent has had the opportunity to review and make any changes or corrections he or she deems necessary.

   (i) Any challenges to the accuracy or trustworthiness of a transcript filed by a party can be raised in an objection served and filed by the opposing party in a responsive brief or appropriate and timely motion.

   (j) If the recording is of poor quality and the court cannot understand the tape and transcription, the recorded deposition shall not be utilized by either party for any purpose.

The court anticipates that the parties will cooperate in scheduling the depositions. If the parties cannot agree, Fed. R. Civ. P. 37(a)(1) states that a party moving to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the party not making disclosure in an effort to secure the disclosure without court action." Local Court Rule 37(a)(1)(A) explicitly states "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference." The court will not entertain discovery motions that fail to include a certification that a good faith attempt to confer was first made.

Accordingly, it is **ORDERED**:

(1) Plaintiff's motion to modify the Scheduling Order (ECF No. 80) is **GRANTED.**

(2) The court's Scheduling Order (ECF No. 73) is modified as follows: Discovery shall be completed by **May 20, 2011**; Dispositive motions shall be filed by **July 22, 2011**; and the parties shall file their Joint Status Report by **September 23, 2011.**

ORDER - 4

     (3)    The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this   22nd   day of March, 2011.

/s/ Karen L. Strombom<br>
Karen L. Strombom<br>
United States Magistrate Judge

ORDER - 5