UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUSTIN DOBSON, GEORGE T. HICKS, ROGER M. HOTRU, NATHAN REYNOSO, and GERALD LEE WHITEMAN[1],<br><br>Plaintiffs,<br><br>v.<br><br>ELDON VAIL, MAGGIE MILLER-STOUT, ROBERT HERZOG, KAY HEINRICH, JOHN/JANE DOE I WASHINGTON STATE DEPARTMENT OF CORRECTIONS, and TORRANCE STRATTON,<br><br>Defendants. | NO. C10-5233 RBL/KLS<br><br>ORDER GRANTING MOTION TO MODIFY CASE SCHEDULE AND DENYING DISCOVERY ORDER AND SANCTIONS |

Before the Court is Defendants' Motion to Modify Scheduling Order and to Resolve Discovery Disputes. ECF No. 84. Defendants request an extension of the pretrial deadlines and for a discovery order setting forth rules and guidelines for the depositions of Defendants Heinrich, Herzog and Miller-Stout. *Id.* In part, the discovery order seeks to limit the time for each deposition to four hours and the time for taking all depositions to two days. *Id.* Plaintiff filed his own motion to modify the scheduling order and asks for sanctions against Defendants and counsel for unreasonably delaying and interfering with the completion of discovery. ECF No. 85.

---

[1] Mr. Whiteman is the only Plaintiff remaining in this action. *See* ECF Nos. 48 and 61.

ORDER - 1

Having reviewed the materials, the Court concludes that Plaintiff's request for sanctions should be **DENIED**. ECF No. 85. There is simply no basis for an award of sanctions as requested by the Plaintiff.

The Court also concludes that the request for a Discovery Order is appropriate, particularly in light of the fact that a number of issues have been agreed upon by the parties.

Accordingly, it is **ORDERDED**:

(1) The Motion to Resolve Discovery Disputes (ECF No. 84) is **GRANTED** as follows:

a. The depositions of Defendants Heinrich, Herzog and Miller-Stout shall all occur at AHCC;

b. The three depositions will occur over two consecutive days, with each deposition limited to no longer than 4 ½ hours.

c. Defendants will provide the following: a person to provide the oath at the depositions; a tape recorder to be used during the depositions; cassettes for the tape recorder (as agreed to by the Defendants for this case only). The Court notes the caveat by the Defendants that their agreement to provide the cassettes shall not be considered a waiver of DOC Policy 440.00.

d. Defense counsel may attend any deposition noted by Plaintiff and may record a deposition on his/her own equipment or may ask Plaintiff to produce a copy of the original tape.

e. Defendants who have given a deposition shall have 30 days to review, for accuracy, any transcript that Plaintiff makes from the recorded testimony on the cassettes.

| | |
|---|---|
| 1 | f. The issue as to whether Eldon Vail should be required to give a deposition has not |
| 2 | been determined by the Court. |
| 3 | (2) The motions to modify the case schedule ECF No. 84 and 85) are **GRANTED** as |
| 4 | follows: The discovery deadline is **August 31, 2011**; the deadline for filing dispositive |
| 5 | motions is **October 31, 2011**. The deadline for submission of the parties' joint status report is |
| 6 | |
| 7 | **December 30, 2011**. |
| 8 | (3) The motion for sanctions (ECF No. 85) is **DENIED**. |
| 9 | (4) The clerk is directed to send copies of this Order to Plaintiff and to counsel for |
| 10 | Defendants. |
| 11 | **DATED** this 27th day of June, 2011. |

Karen L. Strombom
United States Magistrate Judge