UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN DOBSON, GEORGE T. HICKS, ROGER M. HOTRU, NATHAN REYNOSO, and GERALD LEE WHITEMAN,

                Plaintiffs,

  v.

ELDON VAIL, MAGGIE MILLER-STOUT, ROBERT HERZOG, KAY HEINRICH, JOHN/JANE DOE I WASHINGTON STATE DEPARTMENT OF CORRECTIONS, and TORRANCE STRATTON,

                Defendants.

No. C10-5233/KLS

ORDER GRANTING MOTION TO QUASH AND DENYING RULE 19 JOINDER MOTION

Before the Court is Defendants' Motion to Quash Notice of Deposition Directed to Former Secretary Eldon Vail. ECF No. 90. Having reviewed the motion, Plaintiff's response in opposition (ECF No. 92), Defendants' reply (ECF No. 93), and balance of the record, the Court finds that the motion should be granted. Plaintiff's Rule 19 motion will be denied.[1]

**BACKGROUND**

On or about March 24, 2010, Plaintiff Gerald Whiteman[2] filed a civil complaint against Defendants in the Thurston County Superior Court Cause No. 10-2-00566-5. ECF No. 1-2, p. 6. In his complaint, Plaintiff alleges civil rights violations pursuant to 42 U.S.C. § 1983 and violations of his rights under 42 U.S.C. § 2000cc, the Religious Land Use and Institutionalized

---

[1] Plaintiff's motion was attached to his response (ECF No. 92), but was not docketed as a motion or noted on the Court's calendar.

[2] The claims of Plaintiffs Dobson, Hicks, Hotrum, and Reynoso were dismissed. *See* ECF Nos. 48 and 61.

ORDER - 1

Persons Act (RLUIPA). *Id.* More specifically, Plaintiff alleges that he was forced to participate in an involuntary program at the Airway Heights Correction Center (AHCC), known as the Right Living program (RLP), in violation of his First, Eighth, and Fourteenth Amendment rights. ECF No. 1-2, p. 6. According to Plaintiff, the RLP is an involuntary program, funded at taxpayer expense, directed toward modifying antisocial behavior, making prison safer and lowering recidivism. *Id.*, pp. 12-13. Plaintiff alleges that punitive sanctions to compel participation in the RLP include loss of early release time, demotion of custody classification, termination from jobs, cell confinement, loss of recreation, and deprivation of meals. *Id.*, p. 13. Plaintiff also alleges that the RLP consists of "indoctrination" that is irreconcilable with the teachings of certain religions. *Id.*, p. 14. The RLP was discontinued in December 2010. ECF No. 90, p. 2.

On August 9, 2011, Plaintiff served on Defendants' counsel a notice of deposition directed to Defendant Eldon Vail. Mr. Vail was formerly the Secretary of the Department of Corrections (DOC). ECF No. 90, p. 2. In his complaint, Plaintiff names Mr. Vail because as Secretary, Mr. Vail received federal funding for the DOC, which was subsequently spent on implementing and running the RLP. ECF No. 1-1, Exh. 1 Attach. A, p. 11, ¶¶52-54.

**DISCUSSION**

Courts have recognized that high-ranking public officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions. *See Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir.1979) ("Heads of government agencies are not normally subject to deposition."); *Green v. Baca*, 226 F.R.D. 624, 648 (C.D.Cal.2005) (collecting cases); *Coleman v. Schwarzenegger*, No. CIV S-90-0520 LKK JFM P, 2008 WL 4300437, at *2 (E.D.Cal. Sept.15, 2008) (three-judge district court panel)

ORDER - 2

("[T]he settled rule across the circuits is that absent extraordinary circumstances, high-ranking officials may not be subjected to depositions or called to testify regarding their official actions.").

Courts have extended this rule to cover depositions of former high-ranking officials. *See Thomas v. Cate*, 715 F.Supp.2d 1012, 2010 WL 671254, at *31 (E.D.Cal. Feb.19, 2010); *United States v. Sensient Colors, Inc.*, 649 F.Supp.2d 309, 316-17 (D.N.J.2009); *United States v. Wal-Mart Stores*, No. CIV.A. PJM-01-CV-152, 2002 WL 562301, at *2-4 (D.Md. Mar.29, 2002). "Former high-ranking government administrators, whose past official conduct may potentially implicate them in a significant number of related legal actions, have a legitimate interest in avoiding unnecessary entanglements in civil litigation." *Arnold Agency v. West Virginia Lottery Com'n*, 206 W. Va 583, 599 (W.Va. 1999). That interest survives leaving office. *U.S. v. Wal-Mart Stores, Inc.*, 2002 WL 562301, at *3 (D.Md. 2002) (applying *Morgan* to former high-ranking officials and noting that "[i]f the immunity *Morgan* affords is to have any meaning, the protections must continue upon the official's departure from public service."). Courts have held that subjecting the decision-making processes of former high-ranking government officials "to judicial scrutiny and the possibility of continued participation in lawsuits years after leaving public office would serve as a significant deterrent to qualified candidates for public service." *Wal-Mart Stores,* 2002 WL 562301, at *3.

Once a court determines that an official is entitled to invoke the privilege, the burden switches to the proponent of the deposition that "exceptional circumstances" necessitate the deposition of that official. *In re United States of* America, 197 F.3d 310, 313-314 (8th Cir. 2000). Before a deposition of a high-ranking official may be compelled, it must be established that the official possesses "relevant and necessary" information "essential" to the case which is not "obtainable from other sources." *Id.* This has been broken down by other courts into multi-

ORDER - 3

part tests in which a party seeking the deposition of an agency head or a high-ranking official must show: (1) the official's testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that cannot reasonably be obtained from other sources; (3) the testimony is essential to the case at hand; (4) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (5) the evidence sought is not available through less burdensome means or alternative sources. *Thomas,* 715 F.Supp.2d at 1049 (citing *Buono v. City of Newark*, 249 F.R.D. 469, 471 n.2 (D.N.J. 2008)). Stated another way, the "extraordinary circumstances test may be met when high-ranking officials 'have direct personal factual information pertaining to material issues in an action,' and the 'the information to be gained is not available through any other sources." ' *Coleman*, 2008 WL 4300437, at *2 (*quoting Boga v. City of Boston*, 489 F.3d 417, 423 (1st Cir.2007)); *accord Green*, 226 F.R.D. at 648.

There is no dispute here that the Secretary of Corrections of the DOC is a high-ranking government official. The Secretary of Corrections is the agency head for the DOC. *See* RCW 72.09.030. The Secretary of Corrections is a cabinet level position, and is appointed by the Washington State Governor. *See* RCW 72.09.030. Plaintiff cites no factual or legal basis for finding that Secretary Vail is not a high-ranking official. Accordingly, the Court finds that Secretary Vail is a high-ranking official.

Plaintiff argues instead that Secretary Vail is "an indispensable Defendant" because he "is the only Defendant who attended the meetings with the designers of the Right Living Program" and that it was Defendant Vail's "decision to designate the Airway Heights Corrections Center as the test site for the Right Living 'Prison Management Model.'" ECF No.

ORDER - 4

92, pp. 2-3.  In an attached "Motion to Find Defendant Vail as a Required Party/FRCP 19," Plaintiff argues that:

> Sec. Vail publicly televised his support of the RLP which espoused the recognition, acknowledgement, and correction of "self-destructive self-defeating behaviors and actions".  Upon being publicly exposed for his own self-destructive self-defeating behaviors, Sec. Vail hastily announced his resignation after allegations of improper behavior and questionable acts with a subordinate.  *Sec. Vail's abrupt resignation is reasonably calculated to lead to the discovery of admissible evidence demonstrating poor decision making skills as Secretary of the DOC, including the decision to implement RLP – the direct and proximate cause of injuries and damages to Plaintiff.*

ECF No. 92, p. 5 (emphasis added).

Plaintiff's reliance on Federal Rule of Civil Procedure 19 (Required Joinder of Parties) is misplaced.  Rule 19 provides a three-step process for determining whether the court should dismiss an action for failure to join an indispensable party[3].  *United States v. Bowen, 172 F.3d 682, 688* (9th Cir. 1999).  There is no need for the Court to find that Eldon Vail is an indispensable party as he is already a party to this action.  The appropriate analysis is whether Eldon Vail, as a high-ranking official, may be compelled to give his deposition testimony in this case.

The record reflects that discovery obtained by Plaintiff to date in this matter shows that DOC officials other than Defendant Vail were significantly involved in the implementation and management of the RLP.  According to Defendants, Defendant Robert Herzog, the Associate Superintendent of AHCC was responsible for the implementation and management of the RLP management model and Defendant Kay Henrich, the former Clinical and Therapeutic Program

---

[3] Under Federal Rule of Civil Procedure 19, a person is "indispensable" or "necessary" if "in the person's absence, the court cannot accord complete relief among existing parties; or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (1) as a practical matter impair or impede the person's ability to protect the interest; or (2) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.  Fed. R. Civ. P. 19 (a)(1) (A)and (B).

ORDER - 5

Manager at AHCC, was responsible for the coordination and implementation of the RLP management model in conjunction with the AHCC management team. Defendant Heinrich also developed and maintained the instructional RLP handbooks and study guides for both staff and offenders. ECF No. 90, p. 4.

Maggie Miller-Stout, the superintendent of AHCC, states in her declaration that she testified at her deposition that Mr. Vail was not involved in the implementation of the RLP and that he had not attended any meetings that she attended regarding the RLP. She also states that she testified that Mr. Vail was not the Secretary of Corrections when the RLP was being explored and decided to be implemented at AHCC. ECF No. 93-1 (Declaration of Maggie Miller-Stout), p. 2.

Mr. Herzog was the designated manager for assisting in the implementation of the RLP. ECF No. 93-2 (Declaration of Robert Herzog), p. 5. During his deposition, Mr. Herzog testified that Mr. Vail was not involved in the implementation of the RLP and that he did not attend any meetings that Mr. Herzog had attended regarding the RLP. *Id.*

In light of the foregoing, it is clear that Plaintiff is able to obtain information relevant to the implementation and management of the RLP from sources other than Mr. Vail who are more knowledgeable on the issue than Mr. Vail. Additionally, any testimony sought from Mr. Vail relating to the DOC's deliberative processes in developing its policies is irrelevant in this action. "Courts cannot, and should not, undertake a probe of the mental processes utilized by an administrative officer in performing his function of decision." *Ledgering v. State*, 63 Wn.2d 94, 101, 385 P.2d 522 (1963) (citing *United States v. Morgan*, 313 U.S. at 420)).

Plaintiff is entitled to the discovery of relevant evidence. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the

ORDER - 6

determination of the action more probable or less probable than it would be without the evidence." Fed. R. Civ. P. 401.  Plaintiff claims that Sec. Vail's "abrupt resignation is reasonably calculated to lead to the discovery of admissible evidence demonstrating poor decision making skills as Secretary of the DOC, including the decision to implement RLP."  As noted above, however, evidence reflects that Mr. Vail was not involved in the decision to implement the RLP.  In addition, Plaintiff fails to explain how Mr. Vail's resignation, which occurred after the RLP was implemented and then discontinued, is relevant to his claims that the RLP violated Plaintiff's religious beliefs.   The Court may enter an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  Plaintiff has not articulated how the testimony he seeks from Mr. Vail is relevant to his claims or that Mr. Vail has first-hand knowledge that cannot be easily obtained from another source or through less burdensome means.

Accordingly, it is **ORDERED:**

(1) Defendants' motion to quash (ECF No. 90) is **GRANTED.**  The Deposition Notice for the Deposition of Eldon Vail is hereby **QUASHED.**

(2) Plaintiff's "Motion to Find Eldon Vail as Required Party [FRCP 19] attached to his response (ECF No. 92) is **DENIED.**

(3) The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this   21st   day of September, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 7